Filing # 164934 / 24CV000154 / CONDON, PATRICK J.
Lake Co Common Pleas Court, Clerk Faith Andrews 02/01/2024 03:01 PM

143787 HLN/la

IN THE COURT OF COMMON PLEAS

LAKE COUNTY, OHIO

| | |
|---|---|
| SYNTHROPIA COLORADO HOLDING, LLC<br>1630 30th Street, Suite A-294<br>Boulder, CO 80302<br><br>and<br><br>GHT, LLC<br>13700 E. Moncrieff Place<br>Aurora, CO 80011<br><br>and<br><br>DORCHESTER INSURANCE CO., LTD<br>24025 Park Sorrento, Suite 300<br>Calabasas, CA 91302<br><br>Plaintiffs,<br><br>vs.<br><br>EYE LIGHTING INTERNATIONAL OF<br>NORTH AMERICA, INC.<br>c/o National Registered Agents, Inc.<br>4400 Easton Commons Way, Suite 125<br>Columbus, Ohio 43219<br><br>Defendant | CASE NO.:<br><br>JUDGE:<br><br><br><br><br><br><br><br><br><br><br><br><br><br>**COMPLAINT**<br>*(Jury Demand Endorsed Hereon)* |

## PARTIES

1. Plaintiff Dorchester Insurance Company, Ltd is a licensed insurance carrier based in the United States Virgin Islands with a place of business located at 24025 Park Sorrento, Suite 330, Calabasas, CA 91302.

2. Plaintiff GHT, LLC ("GHT") is a Colorado corporation with a place of business located at 13800 E. Moncrieff Place, Aurora, Colorado, 80216 that operated a cannabis grow facility at 5020 E. 41st Avenue, Denver, Colorado 80216 and a wholly owned subsidiary of Synthropia Colorado Holdings.

3. Plaintiff Synthropia Colorado Holdings ("SCH") is a Colorado corporation with a place of business located at 13800 E. Moncrieff Place, Aurora, Colorado, 80216 that operated a cannabis grow facility at 5020 E. 41st Avenue, Denver, Colorado 80216.

4. GHT and SCH, are collectively referred to as the "Insureds".

5. Defendant, Eye Lighting International of North America, Inc. is an Ohio corporation with a place of business at 9150 Hendricks Road, Mentor, OH 44060 and a service address of National Registered Agents, Inc. 4400 Easton Commons Way, Suite 125, Columbus, OH 43219.

## FACTS COMMON TO ALL CLAIMS

6. At all material times, the lamp (LU1000DE/HTL) utilized by the Insureds was designed, assembled, manufactured, distributed, and sold by Defendant and further represented as Defendant's product ("Lamp").

7. The Insureds purchased the Lamp via official distribution channels.

8. The Insureds purchased the Lamp for the intended purpose of utilizing it to operate a cannabis grow facility in accordance with the laws of the State of Colorado.

9. At no point in time did Defendant communicate or warn that the Lamp would violate the standards by which it was intended to operate.

10. The Lamp utilized at the Insureds location was changed on a set schedule and changed in accordance with manufacturer's requirements.

11. The Insureds utilized the Lamp in accordance with the warnings and instructions provided by Defendant.

12. On January 5, 2023, an explosion of a Lamp occurred in a greenhouse at the Insureds' facility.

13. The explosion resulted in glass shards falling on the grow facility tables and crop creating fire and smoke.

14. The glass shards were extremely hot and once the shards came in contact with the plastic and biological material, smoke and contaminants were created.

15. As a result of the explosion and the resulting fire and smoke, Plaintiff Dorchester Insurance Company's insureds sustained uninsured losses of $135,746.24.

16. As a result of the explosion and resulting fire and smoke, Plaintiff Dorchester Insurance Company paid to or on behalf of its insured an amount in excess of $1,000,000.00 (one million dollars) and became subrogated to all payments made to date and any additional payments it may make.

## COUNT I
## FAILURE TO WARN

17. Plaintiffs incorporate paragraphs 1 through 16 as though more fully set forth herein.

18. The damages and losses sustained by Plaintiffs were caused by the negligence, carelessness, and recklessness of Defendant by and through its/their authorized agents, servants, and/or employees, in the following particular respects:

    a. failing to warn of the dangers of using the Lamp;
    b. distributing/supplying the product notwithstanding knowledge that use of the Lamp could result in serious and permanent injury;
    c. misrepresenting the character and nature of the Lamp, including the risk associated with its use;
    d. disregarding the safety of consumers using the Lamp in an expected and/or foreseeable manner;
    e. failing to ensure that the Lamp complied with all applicable voluntary and mandatory industry standards, statutes, and regulations;
    f. failing to provide adequate warnings and/or instructions;
    g. failing to provide the Lamp with all elements necessary to make it safe for its intended and foreseeable uses;
    h. failing to comply with ANSI and UL standards;
    i. failing to contain the explosion of the Lamp within the glass shroud (enclosure);
    j. failing to warn of the subject Lamp's inadequate and unsafe design; and
    k. failing to provide a reasonably safe Lamp.

19. Notwithstanding Defendant's actual knowledge of the dangers and hazards associated with use of the Lamp as described herein, Defendant continued to provide the Lamp to consumers, including the Insureds.

20. Defendant knew and/or had reason to know of facts which created a high degree of risk of physical harm to others from the continued distribution of the Lamp without a proper warning.
21. Defendant knew and/or should have known that use of the Lamp created an unreasonable risk of harm, but nevertheless ignored that risk and continued distributing/supplying the Lamp without warning.
22. Defendant's actions and/or inactions, as set forth herein, increased the risk of harm to others and were substantial factors in causing Plaintiffs' damages and losses, as more particularly described herein.
23. As a direct and proximate result of the negligence, carelessness and reckless conduct of Defendant, Plaintiffs were caused to suffer damages.

WHEREFORE, Plaintiffs respectfully request this Honorable Court enter judgment against the Defendant and in favor of Plaintiffs in excess of $1,000,000.00 (one million dollars), plus any and all additional damages proven, plus court costs, and such other relief as this Court deems appropriate.

## COUNT II
## BREACH OF WARRANTY

24. Plaintiffs incorporate paragraphs 1 through 23 as though more fully set forth herein.
25. At the time of design, manufacture, assembly, testing, inspection, marketing, distribution and/or sale of the Lamp, Defendant knew of the particular purpose that its Lamp would be utilized.
26. The Lamp was not altered, modified, abused, or misused prior to the fire.
27. Defendant designed, manufactured, assembled, tested, inspected, marketed, distributed, sold and/or otherwise placed into the stream of commerce the Lamp at issue, including its component parts, in a dangerous and defective condition, which catastrophically failed due to a defect and/or malfunction.
28. Defendant knew, or should have known, that the fire-causing Lamp would, and did, reach the Insureds without substantial change in the condition in which was originally selected and sold.

29. The aforementioned defect consisted of:
    a. Design defect;
    b. Manufacturing defect;
    c. Defect in a component;
    d. A failure to warn.
30. Defendant breached the implied warranty of fitness for a particular purpose under Colorado law.
31. Defendant breached the implied warranty of merchantability under Colorado law.
32. Defendant breached all express warranties made or relating to the Lamp in question.

WHEREFORE, Plaintiffs respectfully request this Honorable Court enter judgment against the Defendant and in favor of Plaintiffs in excess of $1,000,000.00 (one million dollars), plus any and all additional damages proven, plus court costs, and such other relief as this Court deems appropriate.

## COUNT IV
## STRICT LIABILITY

33. Plaintiffs incorporate paragraphs 1 through 32 as though more fully set forth herein.
34. At the time of design, manufacture, assembly, testing, inspection, marketing, distribution and/or sale of the Lamp, Defendant knew of the particular purpose that its product would be utilized.
35. The Lamp was not altered, modified, abused, or misused prior to the fire.
36. Defendant designed, manufactured, assembled, tested, inspected, marketed, distributed, sold and/or otherwise placed into the stream of commerce the Lamp at issue, including its component parts, in a dangerous and defective condition, which catastrophically failed due to a defect and/or malfunction.
37. Defendant knew, or should have known, that the fire-causing Lamp would, and did, reach the Insureds without substantial change in the condition in which was originally selected and sold.

5

38. The aforementioned defect consisted of:

    a. Design defect;

    b. Manufacturing defect;

    c. Defect in a component;

    d. A failure to warn.

39. Defendant's actions and/or inactions, as set forth herein, increased the risk of harm to others and were substantial factors in causing Plaintiffs' damages and losses, as more particularly described herein.

40. As a direct and proximate result of the negligence, carelessness and reckless conduct of Defendant, Plaintiffs were caused to suffer damages.

WHEREFORE, Plaintiffs respectfully request this Honorable Court enter judgment against the Defendant and in favor of Plaintiffs in excess of $1,000,000.00 (one million dollars), plus any and all additional damages proven, plus court costs, and such other relief as this Court deems appropriate.

Respectfully submitted,

*/s/ Herbert L. Nussle*
_____
Herbert L. Nussle (0063551)
KEIS | GEORGE llp
55 Public Square, Suite 1900
Cleveland, Ohio 44113
(216) 241-4100/Fax: (216) 771-3111
*hnussle@keisgeorge.com*
**Attorneys for Plaintiffs**

## JURY DEMAND

Pursuant to Rule 38(B) of the Ohio Rules of Civil Procedure, a trial by a jury composed of the maximum number of jurors permitted by law is hereby demanded by the Plaintiffs.

*/s/ Herbert L. Nussle*
_____
Herbert L. Nussle (0063551)